# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:17-CV-44-DSC

| | |
|---|---|
| KAREN I. SANFORD,<br>      Plaintiff,<br><br>      vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social<br>Security Administration,<br>      Defendant. | )<br>)<br>)<br>)    **MEMORANDUM AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 10, 2017. She assigns error to the Administrative Law Judge (ALJ)'s evaluation of her fibromyalgia, the opinion of Dr. Todd Davis, her treating primary care physician, and her Residual Functional Capacity ("RFC").[1] See Plaintiff's "Memorandum ..." at 1-2 (document #13). Plaintiff also assigns error to the ALJ's treatment of a favorable decision by the North Carolina Department of Health and Human Services (NCHHS) on her application for Medicaid benefits. Id. Finally, Plaintiff contends that as a result of those errors, the ALJ's determinations at step four and five were not supported by substantial evidence. Id.

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term is defined for Social Security purposes.[2] Plaintiff contends that the ALJ erred in finding

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable

3

that her fibromyalgia was not medically determinable. Social Security Ruling (SSR) 12-2p governs evaluation of fibromyalgia. See SSR 12-2p, 2012 WL 3104869 (S.S.A. July 25, 2012). The ALJ provided a detailed assessment of the relevant evidence to support his conclusion that Plaintiff did not have a medically determinable impairment of fibromyalgia. (Tr. 17, 27–30, 35–36). The ALJ also considered the opinion of Plaintiff's examining rheumatologist, Dr. Carlo Mainardi, that she did not have fibromyalgia. (Tr. 27–28 (citing Tr. 380–99)). The ALJ's evaluation of Plaintiff's alleged fibromyalgia is supported by substantial evidence.

Plaintiff next challenges the ALJ's formulation of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

---

      physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

The Fourth Circuit recently held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Plaintiff challenges the ALJ's RFC finding based upon his aforementioned evaluation of her fibromyalgia, his failure to give controlling weight to the opinion of Dr. Davis, and his treatment of the NCHHS's Medicaid decision.

Since the ALJ found that fibromyalgia was not a medically determinable impairment under the guidance of SSR 12-2p, he properly excluded fibromyalgia from his RFC analysis. See 20 C.F.R § 404.1545(a)(2); SSR 96-8p, 1996 WL 362207 (S.S.A. 1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments . . . ."); SSR 12-2p, 2012 WL 3104869 at *6.

The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2)

5

(2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

The ALJ thoroughly evaluated Dr. Davis' May 2015 "Fibromyalgia Medical Source Statement." (Tr. 29–30, 35 (citing Tr. 334–39)). The ALJ acknowledged that Dr. Davis had treated Plaintiff for more than three years but explained why other factors—specifically the supportability and consistency of the opinion—were more compelling and led him to give the opinion little weight (Tr. 29–31). Dr. Davis checked a box stating that Plaintiff met the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia (Tr. 29 (citing Tr. 334)). The ALJ noted that the substance of Dr. Davis's statement did not provide the evidence required by SSR 12-2p. Although Dr. Davis stated that Plaintiff met the requisite criteria—including the "tender point criteria" for classifying fibromyalgia--- he did not specify the location of any tender points. (Tr. 29 (citing Tr. 334–35)). Dr. Davis opined that Plaintiff did not have many of the signs and symptoms commonly associated with fibromyalgia, such as a history of widespread pain that has persisted for at least three months. (Tr. 29 (citing Tr. 334)).

The ALJ thoroughly analyzed the record. His decision to give Dr. Davis' opinion little weight is supported by substantial evidence.

Plaintiff assigns error to the ALJ's treatment of the NCHHS decision awarding her Medicaid benefits. Social Security Ruling 06-03p provides "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford

6

no weight to a Veterans Administration disability rating). Here, the ALJ considered the the NCHHS decision and explained why he gave it little weight. (Tr. 37-38). The ALJ performed the required analysis and there was no error.

Plaintiff's assignments of error at steps four and five are derivative of those discussed above. Accordingly, there was no error with respect to the ALJ's findings at steps three and four of the sequential evaluation (Tr. 38–39).

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records and his ultimate determination that Plaintiff was <u>not</u> disabled.

## IV. ORDER

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: September 15, 2017

David S. Cayer
United States Magistrate Judge